**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PEANUTS WORLDWIDE LLC,**<br><br>Plaintiff,<br><br>*~ against ~*<br><br>**THE PARTNERSHIPS** *and* **UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>Defendants, | **Case No.: 1:23-cv-2965**<br><br>**Judge:** The Honorable Rebecca R. Pallmeyer |

**MEMORANDUM OF LAW** *by*
**"ELECTRICIAN GUY"** *in Support of*
**MOTION TO VACATE DEFAULT JUDGMENT**

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for "Electrician Guy"*

**A**    <u>**Table of Contents**</u>

**B.**    **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

**C.**    **Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**D.**    **Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**E.**    **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Good Cause Exists to Vacate the Default
Because Electrician Guy Quickly Appeared and
Presents a Meritorious Defense**

I.    Standard to Vacate Judgment Under Rule 60(b) . . . . . . . . . . . . . . . . . . . . . 3

II.    Electrician Guy's Quick Appearance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    Good Cause for the Default and Meritorious Defense . . . . . . . . . . . . . . . . . . . 6

   a.    There is No Jurisdiction Over
         Electrician Guy because Plaintiff
         did not Properly Serve Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   b.    Plaintiff Did Not Obtain
         a Summons for Any Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   c.    There is No Proof of
         Valid Service of Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   d.    The Purported Service was not Valid
         because it Contained no
         Chinese-Language Translation;
         Plaintiff did not Confirm it was Delivered;
         and it was not sent more than once . . . . . . . . . . . . . . . . . . . . . . . . 10

   e.    E-mail Service is Improper Under the
         Hague Convention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV.    This is the Wrong Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

V.    There is no Claim Stated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**F.**    **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

B.      **Table of Contents**

Page(s)

**CASES**

Ashcroft v. Iqbal,
      556 U.S. 662 (2009)........................................................................................ 18

Barwin v. Vill. of Oak Park,
      54 F.4th 443 (7th Cir. 2022) ......................................................................... 18

Bell Atl. Corp. v. Twombly,
      550 U.S. 544 (2007)........................................................................................ 18

BP Prods. N. Am. v. Dagra,
      236 F.R.D. 270, 2006 U.S. Dist. LEXIS 38100 (E.D.Va. 2006)........................................ 11

Compass Bank v. Katz,
      287 F.R.D. 392 (S.D. Tex. 2012)......................................................................... 13

Cracco v. Vitran Express, Inc.,
      559 F.3d 625 (7th Cir. 2009) ............................................................................ 4

Escamilla v. United States,
      62 F.4th 367 (7th Cir. 2023) ......................................................................... 4, 5

Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
      371 F.3d 950 (7th Cir. 2004) ............................................................................ 5

Jones v. Phipps,
      39 F.3d 158 (7th Cir. 1994) ............................................................................. 4

Jenkins v. Wis. Res. Ctr.,
      No. 09-cv-323-BBC, 2009 U.S. Dist. LEXIS 53397
      (W.D. Wis. June 23, 2009) ............................................................................... 8

Langford v. Juárez Cartel,
      2020 No. 1:20-cv-00132 (D.N.D. Oct. 28, 2020)................................................... 11

Lundeen v. Frye,
      666 F. App'x 539 (7th Cir. 2016)........................................................................ 5

Mid-Continent Wood Prods., Inc. v. Harris,
      936 F.2d 297 (7th Cir. 1991) ........................................................................... 6

Mwami v. U.S.,
    No. 1:99-cv-00125(D.D.C. Aug. 2, 1999). .......................................................................... 11

Myles v. United States,
    416 F.3d 551 (7th Cir. 2005) ............................................................................................ 7

NBA Props. v. P'ships & Unincorporated Ass'ns,
    549 F.Supp. 3d 790 (N.D. Ill. 2021) ........................................................................... 13, 15

Ocampo De Kalb v. GMAC Commer. Mortg. Corp.,
    169 F. Supp. 2d 810 (N.D. Ill. 2001) ................................................................................ 4

Omni Capital Int'l v. Rudolph Wolff & Co.,
    484 U.S. 97 (1987).......................................................................................................... 6, 9

Ouveinc Ltd. v. Alucy, No.,
    20 C 3490, 2021 U.S.Dist. LEXIS 118876 (N.D. Ill. June 25, 2021) ................................. 14

Parker v. Scheck Mec. Corp.,
    772 F.3d 502 (7th Cir. 2014) ............................................................................................ 4

Pretzel & Stouffer v. Imperial Adjusters, Inc.,
    28 F.3d 42 (7th Cir. 1994) ................................................................................................ 4

Purple Innovation, LLC v. Chuang Fan Handicraft Co., Case,
    No. 2:22-cv-620, 2023 U.S. Dist. LEXIS 75678, 2023 WL 3168485 (2023) ...................... 8

Rio Props., Inc. v. Rio Int'l Interlink,
    284 F.3d 1007 (9th Cir. 2002) ........................................................................................ 15

Shipley v. Cooney & Conway Creditors (In re C.P. Hall Co.),
    506 B.R. 751 (Bankr. N.D. Ill. 2014) ............................................................................. 7, 8

Sims v. EGA Prods.,
    475 F.3d 865 (7th Cir. 2007) ............................................................................................ 5

Smart Study Co. v. Acuteye-US,
    620 F.Supp. 3d 1382 (S.D.N.Y. 2022).............................................................................. 13

Strabala v. Zhang,
    318 F.R.D. 81 (N.D. Ill. 2016)......................................................................................... 14

Sun v. Bd. of Trs. of the Univ. of Ill.,
    473 F.3d 799 (7th Cir. 2007) ............................................................................................ 4

Thompson v. U.S.,
    445 Fed. Appx. 878 (7th Cir. 2011).......................................................................... 9

Tommy Hilfiger Licensing, LLC. v. The P'ships & Unincorporated Ass'ns, No.,
    20-cv-7477(N.D. Ill. March 24, 2021)................................................................... 15

United States v. Dixon, No.,
    99-cr-7239, 2001 U.S. Dist. LEXIS 9709 (N.D. Ill. July 12, 2001)...................... 4

**STATUTES**

28 U.S.C. § 139........................................................................................................... 16

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule 4(b)................................................................ 7

Federal Rules of Civil Procedure Rule 8 ................................................................... 18

Federal Rules of Civil Procedure Rule 10(a).............................................................. 7

Federal Rules of Civil Procedure Rule 55(c)..................................................... *passim*

Federal Rules of Civil Procedure Rule 60(b)..................................................... *passim*

**OTHER AUTHORITIES**

http://amazon.com/report/infringement ................................................................. 2, 17

http://www.chinafirewalltest.com/?siteurl=courtlistener.com.................................... 10

http://www.ilcc.online/index/Login/index ................................................................ 14

https://brandportal.walmart..................................................................................... 17

https://www.hcch.net/en/states/authorities/details3/?aid=243 .................................. 14

### C.     Introductory Statement

"Electrician Guy" appears before this Honorable Court under highly irregular circumstances.  As of the filing of this Motion, the Undersigned has only circumstantial indications that "Electrician Guy" is even named as a Defendant in this matter because key litigation documents remain under Seal.  Annexed as Exhibit A are "You do not have permission to view this document" responses on ECF when the Undersigned attempted to look up the full caption of the case at ECF 2 (Doc. 067128625941); the Motion in Support of the Motion for a TRO at ECF 18 (Doc. 067028637957); and the Preliminary Injunction Order at ECF 23 (Doc. 067128642834).

Further, at no time does the Plaintiff claim to have served entry of the TRO Order or the Judgment on the Defendants, *See* Docket at **Exhibit B** to the Affidavit in Support (omitting any service other than the purported alternative Service on the Defendants).  And as we will discuss the Alternative Service was entirely improper.

With both legal hands tied behind their back, no proper service of the lawsuit or the Judgment having been served on them, and no direct knowledge that they are even named in the Complaint as a Defendant — "Electrician Guy" now respectfully appears immediately upon learning of this lawsuit and seeks to Vacate the Default Judgment against them pursuant to Fed. R. Civ. P. 55(c) and 60(b), asks that the Clerk be directed to Unseal all filings in this case that name "Electrician Guy" and/or were submitted in support of the Motion for a Preliminary Injunction (namely ECF Nos. 2, 18, and 23); and that the time for "Electrician Guy" to appear and otherwise Move with respect to the Complaint is extended until a reasonable amount of time after the decision on this Motion.

1

### D.    <u>Procedural Background</u>

Plaintiff bypassed the well-oiled machinery of Amazon and Walmart's intellectual property enforcement system, *See,* http://amazon.com/report/infringement and https://brandportal.walmart.com/ipservices, and filed a trawling Complaint that makes vague, generalized allegations against, perhaps,[1] a hundred "Partnerships and unincorporated associations", D.E. 1. With the casefile under seal, Electrician Guy has no idea why they were joined in this suit other than the vague allegations in the Complaint about the Defendants being "interrelated", Complaint ¶ 30; and their "work[] in active concert to knowingly and willfully manufacture, distribute, offer for sale, and sell Unauthorized Peanuts Products in the same transaction, occurrences, or series of transactions or occurrences", Complaint ¶ 33.

There is nothing in the Complaint or in the public record that names any action (or failure to act) by Electrician Guy or their role in this sprawling conspiracy.

After imbricating itself in a lawsuit against dozens of Defendants, the Plaintiff obtained leave to serve the Defendants (many of whom are in China, *See* Declaration of Justin R. Gaudio at ¶ 3 (ECF 34)) by e-mail. Having cast a wide net against hundred or so Defendants and serving the case by spam to unidentified e-mail addresses, the Plaintiff moved for Entry of a Default Judgment, ECF 33, which the docket does not show to have been served on any party.

The very next day on June 30, 2023, this Honorable Court issued a Final Judgment Order (ECF 37) which acknowledged that the only way that any Defendant would know of this case is "electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors".

---

[1]   As noted, Electrician Guy has no access to the part of the Complaint that identifies the Parties, so this is a guess about the number of purported Defendants based on clues in other court filings.

Absent access to the Sealed Filings, the Undersigned is not aware of what payment processors were or were not ordered to do, and what notice those payment processors were ordered to provide Electrician Guy (or any Defendant).

Electrician Guy overseas counsel learned of this Judgment on or about August 25, 2023, and upon being retained the Undersigned is now immediately moving to Vacate the Default,[2] and to seek the other relief requested here – being **56 Days the Judgment was Entered** and docketed and **0 days since the Judgment was served** (indeed the docket shows that the Judgment has not been served yet).

## E.      Argument

### I.      Standard to Vacate Judgment Under Rule 60(b)

"(b)      **Grounds for Relief from a Final Judgment, Order or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

. . .

(6) any other reason that justifies relief.

"(c) **Timing and Effect of the Motion**.

---

[2]    To the extent that the unserved Judgment is deemed as having been entered as a Final Judgment against Electrician Guy, this Motion is brought pursuant to Rule 60(b); and to the extent that the failure to serve the Judgment instead requires Electrician Guy to vacate the entry of Default, this Motion is brought pursuant to Rule 55(a).

We will respectfully argue in this Memorandum that "good cause" to reinstate this case exists under either Rule.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(b)

Broadly, the Courts are directed to treat default judgments as a "weapon of last resort appropriate only when a party willfully disregards pending litigation." Escamilla v. United States, 62 F.4th 367, 372 (7th Cir. 2023) *citing* Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007). To show that it is appropriate to vacate the Judgment, "[a] party requesting relief under Rule 60(b)(1) must show: (1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." United States v. Dixon, No. 99 C 7239, 2001 U.S. Dist. LEXIS 9709, at *5 (N.D. Ill. July 12, 2001)(Pallmeyer, *D.J.*) *citing* Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994); Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994); Ocampo De Kalb v. GMAC Commer. Mortg. Corp., 169 F. Supp. 2d 810 (N.D. Ill. 2001).

And to the extent that the failure to serve the Judgement makes this a Motion to set aside an Entry of Default (ECF 36), there is a "more 'lenient standard' than [for vacating] default judgments under Rule 60(b)." Escamilla, 62 F. 4th at 372 *citing* Parker v. Scheck Mec. Corp., 772 F.3d 502, 505 (7th Cir. 2014); Cracco v. Vitran Express, Inc., 559 F.3d 625, 631 (7th Cir. 2009).

In this case the "good cause" and "meritorious defense" prongs both touch on formal and actual notice, so we will address them jointly. But first we will discuss the "quick action" prong for vacating default judgments.

4

## II.     Electrician Guy's Quick Appearance

Electrician Guy was never served with process, the docket shows no service of the Motion for Entry of Default or of the Default Judgment.

"What constitutes a 'reasonable time' depends on the facts of each case. The court considers 'the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties.'" Lundeen v. Frye, 666 F. App'x 539, 541-42 (7th Cir. 2016) *citing* Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 371 F.3d 950, 952 (7th Cir. 2004).

Prompt action has been found where the Defaulting Party appeared five weeks after the Judgment, Escamilla v. United States, 62 F.4th 367, 372 (7th Cir. 2023) and five months after the Answer was due Sims v. EGA Prods., 475 F.3d 865, 866 (7th Cir. 2007).

In this case there has been no "interest in finality" because there was less than 56 days since the Judgment was issued, and the docket shows it was not served on any party. The reasons for the delay are highly reasonable – namely Electrician Guy having never received service of process (discussed below); a docket in which any document supporting a claim against Electrician Guy or jurisdiction over it is sealed; and the docket showing that no filings in this matter including the Motion for Entry of Judgment was or the Judgment was served on Electrician Guy.

Therefore, Electrician Guy respectfully submits that their appearance has been as quick as possible under the circumstances and the equitable considerations such as an 'interest in finality' do not apply.

### III. Good Cause for the Default and Meritorious Defense

Electrician Guy has good cause for the Default because they did not know about the case, and they have a meritorious Defense to the Complaint because this Court has no jurisdiction over Electrician Guy and because the Complaint seeks the wrong claims in the wrong court for the wrong relief, as we explain below.

Electrician Guy has no idea what lies behind the doors of the Star Chamber in the sealed filings. They respectfully reserve the right to supplement, update and correct these arguments upon and if they are able to see the Title of the Complaint, the filings on the Motion for the TRO and the Order for the Preliminary Injunction.

### a. There is No Jurisdiction Over Electrician Guy because Plaintiff did not Properly Serve Process

"Before a federal Court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987). Such service "is the mechanism 'by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" Waeltz v. Delta Pilots Ret. Plan, 301 F. 3d 804 at n. 3 (7th Cir. 2002) *citing* Omni Capital, 484 U.S. at 104. "[A]ctual notice of the litigation is insufficient to satisfy Rule 4's requirements." Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991).

In this case, the Plaintiff failed to obtain any proper Summons nor serve any. The Plaintiff failed to serve process on any Defendant consistent with the Rules and with consideration to the Due Process rights of any Defendant. And the Plaintiff entirely failed to prove that they served process on Electrician Guy as directed by the Court. For this reason, Electrician Guy has a

meritorious defense and they respectfully submit that the Court should set aside the Default and grant them a reasonable amount of time to Answer or otherwise respond to the Complaint.

### b. Plaintiff Did Not Obtain a Summons for Any Defendant

The grave step of invoking federal jurisdiction requires an individual invitation from the Court to each individual Defendant, as the Rules provide:

> "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."

Fed. R. Civ. P. 4(b).

Further, this invitation needs to be consistent with the federal pleading rules:

> "Every pleading must have a caption with the court's name, a title, a file number . . . . The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."

Fed. R. Civ. P. 10(a).

While other Circuits let the caption requirement slide or deem it met when the identities are in the body of the Complaint, "the Seventh Circuit falls into still a third camp, deeming Rule 10(a) to be mandatory – as indeed the language of the Rule suggests. '[T]o make someone a party,' the court has held, 'the plaintiff must specify him in the caption and arrange for service of process.' " Shipley v. Cooney & Conway Creditors (In re C.P. Hall Co.), 506 B.R. 751, 755 (Bankr. N.D. Ill. 2014) citing Myles v. United States, 416 F.3d 551, 551 (7th Cir. 2005) and collecting cases in the Seventh Circuit. Plaintiff never provided the Clerk with a proper Summons.

That is especially true here where the "Schedule A" remains under seal. Other than the Judgment and other hints, there's no indication that Electrician Guy is even a party to this case!

And the Plaintiff cannot blame the Clerk for issuing an improper Summons.  The Record in this case shows that Plaintiff never requested a Summons for each Defendant as required under Rule 4(b).  Under Rule 10(a) and 4(b) a "group of people" is not a proper defendant, Shipley v. Cooney, 506 B.R. at 756 *citing* Jenkins v. Wis. Res. Ctr., No. 09-cv-323-BBC, 2009 U.S. Dist. LEXIS 53397 (W.D. Wis. June 23, 2009) and collecting cases in the Seventh Circuit and nation-wide that a separate, individual Summons must be obtained for each and every Defendant.

This requirement for a Summons to identify on its face the parties, and to be issued individually for each Defendant is not some empty pleasantry left over from the pre-internet era.

These notice requirements are central to the attempt to assert federal jurisdiction over a Party and formally invite them to Court.  Plaintiffs across the country – even when granted leave for e-service – have had no problem complying with these requirements.  *See, e.g.*, Purple Innovation, LLC v. Chuang Fan Handicraft Co., Case No. 2:22-cv-620, 2023 U.S. Dist. LEXIS 75678, 2023 WL 3168485 (D.Utah Apr. 28, 2023) in which the Court allowed for alternative service.  Consistent with the Rule, the Plaintiff sought and obtained an individual Summons for each Defendant.  *See* Docket in Purple Innovation, LLC v. Chuang Fan Handicraft Co., Case No. 2:22-cv-620 at ECF No. 4-7 through 4-44, 94 (requesting Summons for each individual Defendant) and ECF 8-48, 98-124 (separately issuing Summons for each named Defendant).[3]

In this case, Electrician Guy has a meritorious defense and they respectfully submit that the Court should set aside the Default and grant them a reasonable amount of time to Answer or otherwise respond to the Complaint.

---

[3] Printout of the Purple Innovation Docket annexed as Exhibit C to the Affidavit in Support.

### c.       There is No Proof of Valid Service of Process

"[P]roof of valid service of process is always a prerequisite to judicial relief." Thompson v. U.S., 445 Fed. Appx. 878 (7th Cir. 2011) *citing* Omni Capital, 484 U.S. at 104.  Even assuming the Summonses were on the level, and assuming the validity of e-service in this case, there is nothing in the record that shows the Plaintiff validly served process.

On May 24, 2023, a Return of Service of an improper Summons that does not name Electrician Guy was docketed.  It is addressed to "The Partnerships and all other Defendants identified in the Complaint" – but of course no Defendant party is identified in the Complaint, but rather reference is made to a "Schedule" which remains under seal.

The Return of Service is accompanied by an exhibit listing dozens of e-mails including one name to Electrician Guy as "yumuhe8957@163.com" – a google search of that address returns no results (except for this lawsuit on "PacerMonitor") and there is nothing in the record to indicate what this e-mail is, to whom it was directed and how it was obtained.

Absent any further clarification including copies of the actual e-mail(s) by which service of process was allegedly dispatched, the Court must quash the service and dismiss the Complaint.

The Return of Service also claims to have "published the Complaint . . . on a website".   What website?  Electrician Guy (and as Plaintiff admitted, Defendants) are based in China.  We respectfully submit that the Court may take Judicial Notice that internet users in China are subject to the 防火长城 (transliterated in pinyin as Fánghuǒ Chángchéng, and popularly known as the Great Firewall).  The two most common ways that the Undersigned knows of to share a link to federal court filings is either the nonprofit courtlistener.com database of federal Court filings or a Dropbox link.  The Undersigned confirmed that both are blocked from access throughout China,

*See* http://www.chinafirewalltest.com/?siteurl=courtlistener.com and http://www.chinafirewall test.com/?siteurl=dropbox.com (both last visited September 3, 2023).[4] Now to be clear, the Undersigned does not know if those were the "websites" to which the papers were published. But it speaks to deficiencies of an Affidavit that fails to include such key information about the purported Service.

At the least, before asserting jurisdiction over Electrician Guy, the Court should allow limited Discovery and/or conduct a factual hearing at which the Process Server can testify about the circumstances of the service and purported compliance with the Court's Order allowing alternative service. "I have a secret list of Defendants and a secret website on which I published papers" is not a proper Affidavit of Service.

For this reason, Electrician Guy has a meritorious defense and they respectfully submit that the Court should set aside the Default and grant them a reasonable amount of time to Answer or otherwise respond to the Complaint.

> **d.     The Purported Service was not Valid because it**
> **Contained no Chinese-Language Translation;**
> **Plaintiff did not Confirm it was Delivered;**
> **and it was not sent more than once**

Alternative Service overseas requires local language translation.  Service by alternative means requires more than one attempt.  And an Affidavit of Service by e-mail should contain a confirmation of Receipt or at least confirmation of no bounceback.

When approving alternative service on Osama bin Laden and Al Qaeda for their alleged role in the United States Embassy Compound attack in Nairobi Kenya, the District Court authorized service by publication in "the Washington Law Reporter, The International Herald

---

[4]     Printouts as of September 3, 2023, annexed as Exhibit D to the Affidavit in Support

Tribune, and Al-Quds Al-Arabi (in Arabic) for six weeks". Order of District Judge Colleen Kollar-Kotelly, <u>Mwami v. U.S., et al.</u>, Case No. 1:99-cv-00125, D.E. 23 (D.D.C. Aug. 2, 1999).[5] When victims sought relief against alleged cartels in Mexico, the Court authorized service by "publi[cation of] a Spanish-language notice of this lawsuit in one national newspaper of general circulation in Mexico once a week for six consecutive weeks . . ." Order of Magistrate Judge Clare R. Hochhalter, <u>Langford v. Juárez Cartel, et al.</u>, Case No. 1:20-cv-00132 (D.N.D. Oct. 28, 2020).[6]

However profound the alleged wrongs of the Defendants in this case, surely they are entitled to same level of due process and basic procedural safeguards provided to cartels and violent international outlaws that include a local language translation and multiple publications.

Electrician Guy respectfully submits that the cases which have not required English translations are the exceptions that prove the rule. For example, in <u>BP Prods. N. Am. v. Dagra</u>, 236 F.R.D. 270, 2006 U.S. Dist. LEXIS 38100 (E.D.Va. 2006) the District Judge authorized alternative service on a Pakistan-based Defendant only after extensive efforts were made to locate the Defendant and two attempts under the Hague Convention failed. The Judge considered and then expressly declined to require an Urdu translation only after the Judge made *specific* findings about *the specific Defendant's* proficiency in English and the Defendant's operation of a multi-million dollar business in the United States, *See* <u>BP Prods.</u>, 236 F.R.D. at 273-274. And even <u>BP Prods.</u> required the ad to run once a week for four weeks.

Further, given the likelihood that an e-mail sent from the United States with a link to a foreign language (potentially prohibited) website would be rejected by the Great Firewall or the recipients' e-mail filter, the Plaintiff should at the very least confirm that the e-mailed Service

---

[5] Copy annexed as Exhibit E to the Affidavit in Support.
[6] Copy annexed as Exhibit F to the Affidavit in Support.

was not rejected, sent six times (consistent with the practice for service by newspaper publication), and should provide such confirmation in their Affidavit of Service.

This is not asking for the sky and the moon. Annexed as Exhibit G to the Aff. in Support is a copy of the Affidavit of Service in Purple Innovation from earlier this year showing how straightforward it was for a Plaintiff under similar circumstances to serve the Complaint with the individual Summons to each individual Defendant by e-mail six times (consistent with how service by publication often require six (6) printings over a number of weeks to confirm the recipient's receipt) and to provide proof of service to the Court with confirmation that there was no bounceback.

Electrician Guy respectfully submits that even pursuant to this Court's order for alternative service, the Plaintiff was required to comply with the basic safeguards attendant to such e-service consistent with the practice of alternative service by publication and other modern means of service – these protections include a local language translation, six attempts by service, and confirmation that there was no bounceback of the e-mail.

In the absence of these basic protections, a Plaintiff cannot assert jurisdiction over a foreign Defendant in Federal Court. And for that reason, Electrician Guy respectfully submits it has a meritorious defense, the Default/Judgment should be vacated and Electrician Guy provided a reasonable amount of time to Answer or otherwise respond to the Complaint.

### e.  E-mail Service is Improper Under the Hague Convention

Service on Electrician Guy is subject to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention") because Electrician Guy's address is known – that address is provided

on the supposed website that Plaintiff claims Electrician Guy operates, *See* NBA Props. v. P'ships & Unincorporated Ass'ns, 549 F.Supp. 3d 790, 795-796 (N.D. Ill. 2021) *citing* Compass Bank v. Katz, 287 F.R.D. 392, 394-95 (S.D. Tex. 2012) (collecting cases that confirm if a foreign address is known the Hague Convention controls).

Courts in this District have wrestled with the question of whether China's Declaration that it "[] oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention." Courtesy Translation of the Declaration of the People's Republic of China available online at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn bars service by e-mail. NBA Props., 549 F.Supp. 3d at 798 described how "the issue is not free of doubt". We would respectfully direct the Court to the decision by the Honorable District Judge Gregory H. Woods, in Smart Study Co. v. Acuteye-US, 620 F.Supp. 3d 1382 (S.D.N.Y. 2022) that provides a comprehensive overview of service by e-mail in China in light of the Hague Convention as well as the Amici brief by Professor Benjamin L. Liebman of Columbia Law School's Hong Yen Chang Center for Chinese Legal Studies, a copy of which is annexed as Exhibit H to the Aff. in Support.

The upshot of Professor Liebman's learned assessment is that e-mail service is improper and Judge Wood's is inclined in that direction as well.

But even under NBA Props., the justifications for e-mail service do not apply here.

NBA Props. found that e-mail service on a Defendant with a known address does not violate the Hague Convention because: (1.) there is a need for speed; (2.) the business was conducted entirely through electronic communications; and (3) e-mail was the only way to catch an e-business scofflaw playing hide-and-seek with federal Court, *See* NBA Props., 549 F.Supp.3d at 797. None of those reasons apply here.

13

The case cited in <u>NBA Props.</u> for the Need for Speed explained:

"there is a need for speed that cannot be met by following the Hague Convention methods, when the Central Authority has refused to serve a particular complaint (perhaps based on its own public policy or substantive law limitations), or when a foreign country's Central Authority *fails to effect service within the six-month period provided by the Hague Convention.*"

<u>Strabala v. Zhang</u>, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (emphasis in original) *citing* 4B Fed. Prac. & Proc. Civ. § 1134 (4th ed.).

But respectfully, the Need for Speed cannot justify alternative service here,.

**First** – whatever delays may have been occasioned by the COVID disruptions, the Central Authority for China indicates that they are processing Hague Service requests in "around 6 months". *See* https://www.hcch.net/en/states/authorities/details3/?aid=243 last checked September 3, 2023, which is far less than the timeline deemed "impractical" in <u>Strabala</u>. China's webportal for digital delivery of papers pursuant to the Hague Convention is working better than ever - http://www.ilcc.online/index/Login/index (last checked September 3, 2023).

**Second** – the Plaintiff has not and cannot allege that they attempted service and were denied, or that China refused to effect service, a necessary precondition under <u>Strabala</u>.

**Third** – The protections put in place for this case (which kept the TRO under seal to obtain control over the Defendants' accounts and websites) could have been used for the several months required to finalize service under the Hague Convention.

**Fourth** – the Need for Speed does not obviate the due process concerns.

Next: <u>NBA Props.</u> suggested that e-mail is more reliable because "defendant's business appear[ed] to be conducted entirely through electronic communications, including eBay storefronts." <u>Ouveinc Ltd. v. Alucy</u>, No. 20-C-3490, 2021 U.S.Dist. LEXIS 118876, at *9 (N.D.

Ill. June 25, 2021) *citing* <u>Tommy Hilfiger Licensing, LLC. v. The P'ships & Unincorporated Ass'ns</u>, No. 20-cv-7477, Doc. 46 (N.D. Ill. March 24, 2021).

We respectfully submit that the Seventh Circuit should have a say about such a wide open door to avoid the standard requirements for service of process. But even assuming the "reliability" argument in <u>Ouveinc</u> and <u>Tommy Hilfiger</u>, the situation could not be more different here.

If the Plaintiff was serious about identifying a reliable way to contact the Defendants and to confirm that sales were made in Illinois, they could have made a test order from each Defendant to: (i.) confirm sales were available in Illinois; (ii.) confirm their suspicion of the Defendants' interrelatedness that would justify their joinder in this lawsuit; (iii.) and obtain an actual confirmed address to which mail could be delivered. In this case, the Plaintiff cannot claim e-mail is more reliable when they had a simple way of obtaining further confirmation of those addresses.

Last: <u>NBA Props.</u> suggested e-mail service is appropriate citing <u>Rio Props., Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1018 (9th Cir. 2002) where "[w]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effective service of process." <u>NBA Props.</u>, 549 F.Supp. 3d at 797.[7]

There is no indication here that Electrician Guy is a scofflaw unwilling to defend this case.

Since the justifications for e-mail service under <u>NBA Props.</u> do not apply here, the Court should find that e-mail service is invalid under the Hague Convention and this Court cannot

---

[7]    Of note, in <u>Rio Props. v. Rio Int'l Interlink</u>, 284 F.3d 1007 (9th Cir. 2002) the Court describes intensive efforts to identify other means of service, including three attempts at purported physical addresses and only *after* it became apparent that the physical delivery was impossible did the Court authorize e-mail service on the alleged "scofflaws".

assert jurisdiction over a foreign Defendant in Federal Court. And for that reason, Electrician Guy respectfully submits it has a meritorious defense, the Default/Judgment should be vacated and Electrician Guy provided a reasonable amount of time to Answer or otherwise respond to the Complaint.

### IV.    This is the Wrong Venue

"A civil action may be brought in—

"(1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

"(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

"(3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391

The Plaintiff cannot and does not allege that Electrician Guy (indeed, any Defendant) is resident at the Northern District of Illinois so § 1391(1) plainly doesn't apply.

The Plaintiff cannot and does not allege that a substantial part of the events or omissions giving rise to the claim occurred. Quite the contrary!

The allegations describe how "Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions", Complaint at ¶ 21, and operate websites in the States of Washington (Amazon); Arkansas (Walmart); New York (Etsy); China (AliExpress, Alibaba, and DHgate) and California (wish.com). And the Complaint alleges that the Plaintiff is organized under New York law, Complaint ¶ 4. There is no allegation of Illinois activity.

16

§ 1391(2) plainly doesn't apply. There are no and can be no allegations that a substantial part of the events or omissions, or property that is subject to this action is situated in Illinois. This is a New York Plaintiff seeking relief against Chinese Defendants operating, allegedly, in third States. There is nothing in the public record on this case showing any purchase in, delivery to, or other connection to Illinois. Certainly not to the level where it can be said "a substantial part of the events" occurred here.

And pursuant to § 1391(3) there are a host of other districts where this action can be brought. Assuming they obtained personal and subject matter jurisdiction over the respective Defendants, the Plaintiff claim jurisdiction where the stores are located (Arkansas, Washington State, New York, and California respectively), in the Defendants' home jurisdictions, a District where sales are proven to have primarily occurred, or even at home in New York. There are lots of options – but without a nexus to Illinois, this District is not one of them.

And for that reason, Electrician Guy respectfully submits it has a meritorious defense, the Default/Judgment should be vacated and Electrician Guy provided a reasonable amount of time to Answer or otherwise respond to the Complaint.

## IV.    There is no Claim Stated

The Complaint seeks to bypass the highly functional IP infringement programs maintained by Amazon (http://amazon.com/report/infringement) and (https://brandportal.walmart.com/ipservices), by recruiting this Court as its private intellectual property rights enforcement arm. This approach should not be ratified by the Court.

Recognizing the unwieldy nature of this lawsuit against dozens of overseas Defendants, and the difficulty of "plead[ing] factual content that allows the court to draw

reasonable inference that the defendant is liable for the misconduct alleged." Barwin v. Vill. of Oak Park, 54 F.4th 443, 453 (7th Cir. 2022) *citing* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) the Complaint avoids the specifics of this case by making broad claims about U.S. Customs and Border Protection seizure statistics from 2021, Complaint ¶ 23, analysis of "transaction logs from previous similar cases", Complaint at ¶ 32, and a mish-mash of other allegations of how "E-commerce store operators like Defendant" operate, Complaint at ¶ 29, how online sellers may be cooperating behind the scenes ¶ 31, and allegations about how internet sales work in the modern era and the work of customs enforcement, *See generally*, Complaint ¶¶ 23-34.

This background may be interesting, but irrelevant to any *specific* Defendant and the *specific* Causes of Action plead against *each* specific Defendant. One searches in vain through the Complaint for an allegation of an action by any Defendant (or any action or failure to act by Electrician Guy) or any condition of mind of any Defendant or the Defendants' connection with one other that would justify their Joinder in one action.

There is nothing in the record about what Electrician Guy did or failed to do.

Since, the Complaint failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8, Electrician Guy has no case to Answer. For that reason, Electrician Guy respectfully submits it has a meritorious defense, the Default/Judgment should be vacated and Electrician Guy provided a reasonable amount of time to Answer or otherwise respond to the Complaint.

18

### F.     Conclusion

For these reasons we respectfully submit that this Honorable Court should Vacate the Entry of Default and/or Judgment against Electrician Guy and Electrician Guy should be provided a reasonable amount of time to appear, Move to Dismiss, Move to Sever, and to provide such other and further relief as the Court may deem just and proper.

DATED:     **SEPTEMBER 4, 2023**

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for "Electrician Guy"*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2023, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Amy Crout Ziegler, Esq.**
**Justin R. Gaudio, Esq.**
**Marcella Deshonda Slay, Esq.**
**Trevor Christian Talhami, Esq.**
GREER, BURNS & CRAIN, LTD.
300 S. Wacker Dr., Suite 2500
Chicago, IL 60606
Phone: (312) 987-2926
Email: Aziegler@gbc.Law
         Jgaudio@gbc.Law
         Mslay@gbc.Law
         Ttalhami@gbc.Law
*Counsel for Plaintiff*