IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEANUTS WORLDWIDE LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>SHENZHEN XIN RUI SI CHUANG TECHNOLOGY CO., LTD., et al.,<br><br>                    Defendants. | Case No. 23-cv-02965<br><br>**Chief Judge Rebecca R. Pallmeyer**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ELECTRICIAN GUY'S MOTION PURSUANT TO RULE 55(C); 60(B) TO VACATE ENTRY OF JUDGMENT AND/OR DEFAULT JUDGMENT**

Plaintiff Peanuts Worldwide LLC ("Peanuts" or "Plaintiff") submits the following response in opposition to defendant Electrician Guy's ("Defendant") Motion Pursuant to Rule 55(c); 60(b) to Vacate Entry of Judgment and/or Default Judgment (the "Motion[1]") [42].

Defendant was properly served and received multiple notices regarding this case using electronic methods approved by this Court. Now, over two months after its entry on June 30, 2023, Defendant asks this Court to vacate its Final Judgment Order [37], pursuant to Fed. R. Civ. P. 55(c) and 60(b). However, Defendant's Motion fails to meet any of the requirements to vacate entry of judgment. Specifically, Defendant has not shown any mistake, inadvertence, surprise, or excusable neglect that constitutes good cause for its default. Defendant failed to take quick action by waiting nearly two months after entry of the Final Judgment Order (and three months after first receiving notice) to file its Motion. Defendant has also not shown that it has a meritorious defense

---

[1] Defendant is also named as a defendant in *These Characters from Cleveland, LLC v. The Individuals, et al.*, No. 23-cv-01923 (N.D. Ill. 2023) for allegedly violating Care Bears intellectual property. In that case, Defendant filed a Motion to Dismiss nearly identical to the Motion in this case. *See* Docket Nos. 76-78 in case no. 23-cv-01923.

1

to the Complaint. Defendant's Motion also fails to present any exceptional circumstances as required by the Seventh Circuit to vacate a default judgment. For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion.

## BACKGROUND

The PEANUTS comic strip is not only one of the best-loved comic strips in history, but a true global phenomenon. [1] at ¶ 5. From its humble beginnings in just seven U.S. newspapers, the PEANUTS comic strip grew to a syndicated daily and Sunday comic strip that ran from October 2, 1950, to February 13, 2000, and it continues in reruns. *Id.* Today, the PEANUTS comic strip is featured in global online syndication and in thousands of newspapers worldwide; in classic television specials and in new streaming series; and in mobile apps, stage productions, feature films, and books. *Id*. at ¶ 7. Plaintiff holds U.S. registrations for its trademarks ("PEANUTS Trademarks") and for its various copyrighted designs (the "Peanuts Copyrighted Designs"). *Id*. at ¶¶ 6-13. Plaintiff's Trademarks include multiple registrations for SNOOPY and Peanuts Copyrighted Designs include the Snoopy character. *Id*.

Defendant advertised, offered for sale, and sold counterfeit products infringing Plaintiff's SNOOPY trademarks and copyrighted design on its Walmart.com store Electrician Guy ("Defendant's Counterfeit Product"). Declaration of Marcella D. Slay ("Slay Dec.") at ¶ 2; *see also* Figure 1. Defendant's listing included a "2" footnote in the middle of the word "Snoopy" in the item title. *Id*; *see* Figure 1 (with red arrow pointing to "Sno$^2$py"). Such tactics are a common way for counterfeiters to evade detection. *Id*. Defendant's e-commerce store listing is entirely in English and targets the U.S. market. *Id*. Plaintiff's investigator purchased Defendant's Counterfeit Product and it was received at the provided Illinois address. *Id*. at ¶ 3.



*Figure 1*

Plaintiff filed this lawsuit on May 11, 2023. [1]. On May 16, 2023, this Court entered a Temporary Restraining Order ("Order") that, among other things, enjoined Defendant from infringing the PEANUTS Trademarks and Copyrighted Designs, and ordered Walmart, Inc. ("Walmart") to provide expedited discovery regarding Defendant's identity and the e-mail address used by Defendant to register and use its account on the Walmart.com platform. [23] at ¶¶ 1-2. Plaintiff served the Order on Walmart on May 16, 2023. Slay Dec. at ¶ 4. Walmart responded and provided Plaintiff with Defendant's e-mail address[2], yumuhe8957@163.com. *Id*. Walmart also disabled the above listing and restrained any funds held for Defendant. *Id*.

The Order also authorized Plaintiff to complete service of process on Defendant pursuant to Fed. R. Civ. P. 4(f)(3). [23] at ¶ 7. This section of the Order provided that:

> Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, and by sending an e-mail to the e-mail addresses identified in Exhibit 4 to the Declaration of Carrie J. Dumont and any… e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of

---

[2] Under the INFORM Consumer Act, Walmart is required to maintain a "current working email address" for Defendant. 15 U.S.C. § 45f (2022).

> providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

*Id*. Pursuant to the Order, the Clerk of Court issued a single original summons that applied to all Defendants on May 16, 2023. [27]. Defendant is listed on page 3 of Exhibit A to the Summons. *Id*. A website including the Complaint, Schedule A to the Complaint, Summons, the Order and other documents was posted at the link http://gbcinternetenforcement.net/23-2965/ ("Service Website". Slay Dec. at ¶ 6. Plaintiff completed service of process on Defendant via its e-mail address yumuhe8957@163.com on May 24, 2023. [27]; *Id*. at ¶ 7. As such, Defendant has had access to all necessary documents since at least May 24, 2023. *Id*. Plaintiff also moved for entry of a Preliminary Injunction[3] on May 24, 2023, and provided notice of that Motion to Defendant via e-mail on the same day. *Id*. at ¶ 8. On May 26, 2023, Defendant was added by name to the CM/ECF docket. *Id*. at ¶ 9.

Plaintiff moved for entry of Default and Default Judgment on June 29, 2023 [32], and notice was again provided to Defendant via e-mail on the same day. Slay Dec. at ¶ 10. Defendant did not appear or otherwise object, and final judgment was entered on June 30, 2023, and published on the Service Website. Defendant received notice of this case on at least three separate occasions. Plaintiff's counsel has received responses from thousands of China-based defendants in similar lawsuits after providing notice using the above Court approved method. *Id*. at ¶ 11. Defendant filed the Motion pursuant to Fed. R. Civ. P. 60(b)(1) on September 4, 2023. *See* [43] at p 4.

## ARGUMENT

Rule 60(b)(1) provides that the court may relieve a party from a final judgment order for mistakes, inadvertence, surprise, or excusable neglect. *Casio Comput. Co. v. Noren*, 35 F. App'x

---

[3] The Order was converted to a preliminary injunction on May 26, 2023. [29].

4

247, 249 (7th Cir. 2002). "Rule 60(b) supplies an extraordinary remedy to be granted in exceptional circumstances…" *Id.*; *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules are not ordinarily recognized as forms of excusable neglect," and "negligent handling of a case, by itself, will not excuse untimely behaviour or satisfy the showing required by Rule 60(b)." *Casio Comput. Co.*, 35 F. App'x 247 at 249 (internal citations omitted); *United States v. Di Mucci,* 879 F.2d 1488, 1493 (7th Cir.1989)

Setting aside a default judgment under Rule 60(b)(1) is appropriate only if the Defendant shows (1) good cause for the default; (2) took "quick action to respond to the default"; and (3) has "a meritorious defense to the underlying allegations." *Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 560 (7th Cir. 2017) (citing *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). Entry of a default judgment is appropriate "where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court," *CKS Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984), and a court need not vacate a default "where the defaulting party was aware or should have been aware of its responsibility to the opposing party or the court, and failed to live up to those responsibilities through unexcused carelessness or negligence." *Id.* at 1206.

Defendant fails to meet its high burden to vacate the Final Judgment Order [37] by failing to establish (1) good cause for default, (2) quick action to correct it, and (3) a meritorious defense.

### A. Defendant Has Not Established Good Cause for Its Default.

In the context of Rule 60(b)(1), good cause consists of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P 60(b)(1). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules are not ordinarily recognized as forms of excusable neglect, and negligent

handling of a case, by itself, will not excuse untimely behavior or satisfy the showing required by Rule 60(b)." *Envirogen Techs., Inc. v. Maxim Constr. Corp.*, No. 14 C 2090, 2016 U.S. Dist. LEXIS 135344, at *6-7 (N.D. Ill. Sept. 30, 2016).

    i.    <u>Defendant Was Properly Served Pursuant to the Court's Order</u>[4]

Defendant was properly served using the method of service authorized by the Court in the Order via e-mail to yumuhe8957@163.com and received notice from Plaintiff regarding this case on at least three separate occasions (in addition to any notice received from Walmart related to disabling the listing and restraining Defendant's funds). Slay Dec. at ¶¶ 4, 6-8, 10. Copies of the Complaint and Summons, including Schedule A, were posted and made available to Defendant on the Service Website[5]. *Id*. at ¶ 6. This link was provided to Defendant in each notice e-mail. *Id*. Defendant was also added to the CM/ECF docket on May 26, 2023. *Id*. at ¶ 9. As such, Defendant was properly served pursuant to the Court's Order.

Defendant's Motion argues that Defendant has good cause "because they did not know about the case." [43] at p. 6. Defendant's Motion does not support any of its statements with evidence or a declaration by Defendant. Arguments in a brief, unsupported by documentary evidence, are not evidence. *Medallion Prods. v. McAlister*, No. 06 C 2597, 2008 U.S. Dist. LEXIS 80550, at *8 (N.D. Ill. Oct. 9, 2008) ("As it must, the court has disregarded any unsupported factual statements") (citing *United States v. Stevens*, 500 F.3d 625, 628-29 (7th Cir. 2007) ("[I]t is universally known that statements of attorneys are not evidence."). Additionally, the Court should

---

[4] Plaintiff addresses Defendant's arguments pertaining to improper service in the section addressing good cause for Defendant's default. Should the Court consider service to be a meritorious defense, Plaintiff's same argument would apply and is incorporated by reference.

[5] gbcinternetenforcement.net is set up and hosted by Plaintiff's counsel and has been reliably used to provide copies of court documents to thousands of defendants for many years.

6

question the credibility of Defendant's unsupported statements in view of the multiple lawsuits against Defendant and the steps taken by Defendant to evade getting caught. *See* n.1, Figure 1, *supra*. For the foregoing reasons, Defendant has not met its burden to demonstrate good cause for its default, and the Motion should be denied.

    ii.    <u>Defendant Waived Any Arguments Under Fed. R. Civ. P 60(b)(4)</u>

Defendant next argues that there is no jurisdiction because Plaintiff did not "properly serve process." [43] at p. 6. The Seventh Circuit has held that this argument falls under Fed. R. Civ. P 60(b)(4). *See United States SEC v. Carebourn Capital, LP*, 339 F.R.D. 510, 512 (N.D. Ill. 2021) (argument that "…there was inadequate service of process and that exercising personal jurisdiction over them in this District would offend due process" are raised through Fed. R. Civ. P 60(b)(4)). However, Defendant filed the Motion pursuant to Fed. Civ. P. R 60(b)(1). *See* [43] at p. 4. Since Defendant's Motion does not mention or address Fed. R. Civ. P 60(b)(4), any argument regarding the Court's Order permitting service under Fed. R. Civ. P 4(f)(3) is waived and should not be considered. *See Mahaffey v. Ramos,* 588 F.3d 1142, 1146 (7th Cir. 2009) ("[p]erfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

    iii.    <u>The Court Properly Ordered Service Under Fed. R. Civ. P 4(f)(3)</u>

Federal Rule of Civil Procedure 4(f) governs serving individuals in a foreign country. Fed. R. Civ. P 4(f)(3) provides that service may be effectuated "by other means not prohibited by international agreement as may be directed by the court." "[T]he task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is committed "to the sound discretion of the district court." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002); *In re OnePlus Tech. (Shenzhen) Co., Ltd*., No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) ("[C]ourts have recognized that

7

delay and expense are factors that legitimately bear on whether to issue an order for alternative service.").

In this case, the Court properly asserted its wide discretion under Fed. R. Civ. P. 4(f)(3) to find that electronic service was justified and constituted "notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections." [23] at ¶ 7. Fed. R. Civ. P. 4(f) does not require a plaintiff to attempt service by other means before seeking authorization to use an alternate means of service under Rule 4(f)(3). *See CFTC v. Caniff*, No. 19-cv-2935, 2020 U.S. Dist. LEXIS 33416, at *14 (N.D. Ill. Feb. 27, 2020) (internal citation omitted) (explaining that a plaintiff "is not required to first attempt service through the Hague Convention under Rule 4(f)(1) before asking this Court to allow alternate means"). Courts in this District have repeatedly upheld electronic service in similar cases. *See, e.g., NBA Props. v. The P'ships, et al.,* 549 F. Supp. 3d 790, 795 (N.D. Ill. July 15, 2021), *aff'd NBA Props. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022) (upholding e-mail service on China-based Internet store operator); *Turnpro LLC v. The Entities, et al.,* No. 21-cv-02763 (N.D. Ill. June 24, 2022) (Dkt. No. 105) (same); *Christian Dior Couture, S.A. v. Chinabrandmall.com,* No. 20-cv-2421 (N.D. Ill. Jul. 8, 2021) (Dkt. No. 81) (same); *Oakley Inc. v. Yantai Lanlei Network Tech. Co.*, No. 20-cv-00396 (N.D. Ill. May 12, 2021) (Dkt. No. 54) (same); *Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 U.S. Dist. LEXIS 118876 (N.D. Ill. June 25, 2021) (same); *Hangzhou Chic Intelligent Tech. Co. v. The P'ships*, No. 20-cv-04806, 2021 WL 1222783 (N.D. Ill. Apr. 1, 2021) (same); *Volkswagen Grp. of America, Inc. v. Brandcar Store, et al.*, No. 20-cv-3131 (N.D. Ill. Sept. 14, 2020) (same); *Volkswagen Grp. of America, Inc. v. 5starautoparts2015*, No. 19-cv-7978 (N.D. Ill. Mar. 31, 2020) (same); *Gianni Versace, S.P.A. v. Yong Peng*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (same).

The plain language of Fed. R. Civ. P. 4(f) does not mention or suggest any of the requirements that Defendant is seeking to impose. *See Romag Fasteners, Inc. v. Fossil Grp., Inc.*, 140 S. Ct. 1492, 1495 (2020) ("Nor does this Court usually read into statutes words that aren't there."). "Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Rio Props.*, 284 F.3d at 1015; *Viahart, L.L.C. v. He GangPeng*, No. 21-40166, 2022 U.S. App. LEXIS 3974 (5th Cir. Feb. 14, 2022) (upholding e-mail service on China based defendant and finding that "we need not address that argument because service was made pursuant to subsection (f)(3), not subsection (f)(1) or the Hague Convention."); *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018); *see also Oakley Inc.*, No. 20-cv-00396 (Dkt. No. 54) ("… the Federal Rules do not require plaintiffs to attempt service under Rule 4(f)(1) before moving on to Rule 4(f)(3)."). "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *In re OnePlus Tech. (Shenzhen) Co.,* 2021 WL 4130643, at *3; *see* 4B Charles Alan Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1134, at 274 (2015) ("The use of a court-directed means for service of process under Rule 4(f)(3) is not a disfavored process and should not be considered extraordinary relief."). In other words, alternate service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Rio Props., Inc.*, 284 F.3d at 1015. Service need not have been attempted under the Hague Convention before alternative service methods can be employed. *Nuance Comm'ns. v. v. Abbyy Software House,* 626 F.3d 1222, 1238 (Fed. Cir. 2010) (collecting cases).

The Hague Convention does not prohibit electronic service, and China has not objected to service of process by e-mail. The Convention neither authorizes nor prohibits service by e-mail—it is entirely silent on the issue. *See Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co*., No. 08 CV 2593, 2008 U.S. Dist. LEXIS 97241, at *2 (N.D. Ill. Dec. 1, 2008). While China has objected to service by postal channels under Article 10 of the Hague Convention, courts have routinely recognized that such objections do not extend to service by e-mail. *See, e.g., Oakley Inc.*, No. 20-cv-00396 (Dkt. No. 54) at p. 2 ("[M]any courts have rejected the analogy of postal service to email service, recognizing that 'the instantaneous and traceable nature of email cures the concerns with postal service[,]' . . . Furthermore, unlike postal service, email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the Hague Convention."); *see also Victaulic Co. v. Allied Rubber & Gasket Co.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, at *7 (S.D. Cal. May 8, 2020) ("Although Article 10(a) references 'postal channels,' it does not mention service by email, online messaging system, or other electronic means. Thus, China's objection to service by 'postal channels' does not prohibit service by 'electronic means.'"). Finally, China's internal procedures for effectuating service are irrelevant to the question of whether alternate service under Rule 4(f)(3) was proper in a lawsuit pending in the United States. *Nanya Tech. Corp. v. Fujitsu, Ltd*., No. 06-00025, 2007 U.S. Dist. LEXIS 5754, at *14 (D. Guam Jan. 25, 2007).

Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…." *See Strabala v. Zhang,* 318 F.R.D. 81, 114 (N.D. Ill. 2016). Even if Defendant's purported address is real and Defendant is available for service at that address, it is nearly certain that the Chinese Central Authority will exceed six months in its attempt to effectuate service. *See*

10

*Victaulic Co.*, 2020 U.S. Dist. LEXIS 82150, at *3 ("… the Ministry of Justice in China noted that service is 'time-consuming and not efficient' and confirmed that it often takes more than two years to complete."). As such, it would have been impossible to effectuate service on Defendant prior to expiration of the Order.

Service via e-mail and electronic publication comports with constitutional notions of due process, because it was reasonably calculated, under all the circumstances, to apprise Defendant of the pendency of this action and afford Defendant an opportunity to present objections. *See Maclean-Fogg Co.*, 2008 U.S. Dist. LEXIS 97241, at *5; *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. Nov. 27, 2015) ("…the Court finds that in this case, service to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'").

Defendant also argues that service is defective because Plaintiff did not obtain an individual summons for each Defendant. *See* [43] at pp. 7-8. The Order provided that "The Clerk of the Court is directed to issue a single original summons in the name of 'The Partnerships and all other Defendants identified in the Complaint' that shall apply to all Defendants." [23] at ¶ 7. Exhibit A to the summons lists each Defendant individually and not as a "group of people." [43] at p. 13. The summons was served on Defendant using the method of service approved by the Court. [27]. Contrary to Defendant's assertion, Rule 4(b) does "not require issuance of a separate summons for each defendant; the Rule specifically contemplates that a single summons may be addressed to multiple defendants." *Sanchez & Daniels v. Koresko & Assocs., P.C.*, No. 04 C 5183, 2005 U.S. Dist. LEXIS 1422, at *4 (N.D. Ill. Feb. 2, 2005)); *see also*, Comment to Fed. R. Civ. P 4(f)

(providing that a plaintiff "…may serve copies of a single original bearing the names of multiple defendants…").

Defendant also argues that Plaintiff was required to translate the court documents. [43] at pp. 10-11. However, the translation requirement is only triggered when service is affected through the Central Authority under the Hague Convention. *See Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 345 (E.D.N.Y. 2021). Here, Defendant was served under Rule 4(f)(3) and the Court did not require any translation. Additionally, Defendant's e-commerce store targets the U.S. market and conducts business in English. *See Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *6, n.8 (S.D.N.Y. Sept. 30, 2018) (finding that a Chinese defendant who "regularly conduct[ed] business in English — for example, many of [the defendant's] websites are in English and accept payment in U.S. dollars" had an adequate understanding that he had been sued). As such, electronic service of English language documents provided Defendant with proper notice.

Finally, Article 1 of the Hague Convention states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." Defendant provided the address "No. 3769, Yanxiang Road, Qujiang New District, Xian, 710000, Shaanxi" to register its e-commerce store with Walmart. Slay Dec. at ¶ 4. Plaintiff's investigation could not locate this address, and did not locate any business named "Electrician Guy" at this address. *Id*. at ¶ 5. Since Defendant's address was unknown or reasonably uncertain, the Hague Convention does not apply, and e-mail service was proper. *See, e.g., MCM Holding AG, et al. v. Dequn Zhao, et al*., No. 18-cv-1677 (N.D. Ill. Aug. 14, 2018) (Dkt. No. 42) (unpublished) (finding electronic service proper because defendant's address was unknown).

Here, the Court properly exercised its authority in granting electronic service under Rule 4(f)(3). Plaintiff served Defendant via e-mail and electronic publication pursuant to the Court's authorization on May 24, 2023.The Hague Convention was not mandatory, does not undermine the Court's authority under Rule 4(f)(3), does not prohibit electronic service, and does not apply here. As such, Defendant was properly served.

### B. Defendant Did Not Act Quickly to File This Motion.

"Because Rule 60(b) focuses on relief from judgments, the "quick action" prong of the standard for vacating default judgments must concern itself with the time elapsing between entry of judgment and the motion to vacate." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Here, Default Judgment was entered on June 30, 2023. [37]. However, Defendant's Motion was not filed until September 4, 2023. [42]. Defendant delayed filing its Motion for two months, and nearly three months after first receiving notice of the case. Such delay does not constitute quick action to correct the entry of judgment. *See Casio Comput. Co.*, 35 F. App'x 247 at 250 (fifty-five days does not constitute quick action); *see also*, *Chapter 4 Corp. v. The P'ships, et al.*, No. 20-cv-06115 (N.D. Ill. May 12, 2021) (five weeks does not constitute quick action); *XYZ Corporation v The P'ships, et al.*, No. 22-cv-03434 (N.D. Ill. Jan 24, 2023) (Docket No. 50) (two months does not constitute quick action); *Fairly Odd Treasures, LLC v. The P'ships, et al.*, No. 20 C 1386, 2020 WL 8093511 (N.D. Ill. Oct. 28, 2020) (six weeks does not constitute quick action); *Sullivan v. Gen. Plumbing*, Inc., No. 06-cv-02464, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007) (three weeks does not constitute quick action); *Jones*, 39 F.3d at 165 (five weeks not quick action).

### C. Defendant Does Not Have a Meritorious Defense

Defendant has not established a meritorious defense. A meritorious defense must at least raise a serious question regarding the propriety of a default judgment and be supported by a

13

developed legal and factual basis. *Wehrs*, 688 F.3d at 890. General denials of the complaint's allegations, without factual support, are insufficient to state a meritorious defense. *Id.* at 891. A meritorious defense requires more than a "general denial" and "bare legal conclusions." *Id.* (quoting *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994)). It would not further the interests of justice or judicial economy to vacate a default judgment if the defendant had no defense to the plaintiff's claims. *WPS Energy Servs. v. Ravenna Aluminum, Inc.*, No. 07-C-76, 2007 U.S. Dist. LEXIS 41334, at *10 (E.D. Wis. 2007*); see also Acosta*, 874 F.3d at 560 (court may set aside default judgment under Rule 60(b)(1) if defendant has "a meritorious defense to the underlying allegations"); *Wehrs*, 688 F.3d at 890. *See also Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2012) ("simple assertions unsupported by specific facts or evidence" is not a meritorious defense).

Plaintiff's Complaint alleged that Defendant committed willful trademark infringement and counterfeiting, and copyright infringement. [1] at ¶¶ 35-56. Defendant does not claim it did not infringe the PEANUTS Trademarks and/or the Peanuts Copyrighted Designs, or that the infringement was otherwise excusable. *See Lifted Rsch. Grp., Inc. v. Chaudry*, No. 06-5580 (SDW), 2008 WL 11510727, at *2 (D.N.J. Mar. 6, 2008). As such, Defendant does not present any argument that it has a meritorious defense. Likewise, Defendant's arguments regarding its service[6], venue, and failure to state a claim are not meritorious defenses to Plaintiff's claims of trademark and copyright infringement, and all fail. First, venue is proper in this Court pursuant to 28 U.S.C. § 1391 over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, and advertised, offered for sale, sold, and

---

[6] Defendant's arguments pertaining to service are addressed above.

shipped Counterfeit Product into this district. Additionally, under 28 U.S.C. § 1391(c)(3), "a defendant not resident in the United States may be sued in any judicial district…."

Defendant's argument that Plaintiff failed to state a claim also fails. "Under the federal rules' notice pleading standard, a complaint must contain only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012); *see also*, Fed. R. Civ. P. 8(a)(2). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581(7th Cir. 2009).

In its Complaint, Plaintiff identified its federally registered trademarks ([1] at ¶ 12) and registered copyrighted designs ([1] at ¶ 18) and alleged that, without any authorization or license from Plaintiff, Defendant has knowingly and willfully used the PEANUTS Trademarks and/or copies of the Peanuts Copyrighted Designs in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Peanuts Products into the United States and Illinois over the Internet ([1] at ¶¶ 33-34). Schedule A attached to the Complaint [2] lists Defendant's e-commerce store by Walmart account name and URL at line 93 of the "Defendant Name / Seller Alias" and "Defendant Marketplace URL" sections of Schedule A. Plaintiff further alleged that Defendant's unauthorized use of the PEANUTS Trademarks is likely to cause and has caused confusion, mistake, and deception among consumers. [1] at ¶ 34. As such, Defendant has "fair notice" of Plaintiff's trademark counterfeiting and infringement and copyright infringement claims. *See Twombly*, 550 U.S. at 555; *see also*, *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006); *see also*, *Interfocus Inc. v. The Defendants Identified in Schedule A*, et al, N.D. Ill. 22-cv-2256 (Nov. 7, 2022) (denying motion to dismiss based on Fed. R. Civ. P 12(b)(6)). Therefore, Defendant does not have a meritorious defense based on a failure to state a claim.

Dated this 19th day of September 2023.   Respectfully submitted,

<div style="margin-left:50%">

/s/ Marcella D. Slay
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff Peanuts Worldwide LLC*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

<div style="text-align:right">

s/ Marcella D. Slay
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff Peanuts Worldwide LLC*

</div>