# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**PEANUTS WORLDWIDE LLC,**

               Plaintiff,

~ against ~

**THE PARTNERSHIPS** and
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE "A",**

               Defendants,

**Case No.:** `1:23-cv-2965`

**Judge:** The Honorable Rebecca R. Pallmeyer

---

**REPLY MEMORANDUM OF LAW** *by*
**"ELECTRICIAN GUY"** *in Further Support of*
**MOTION TO VACATE DEFAULT JUDGMENT**

---

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for "Electrician Guy"*

1

**A**      **Table of Contents**

**B.**      **Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**C.**      **Response to the Additional Factual Background Introduced by Plaintiff** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**D.**      **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         I.      Response to Plaintiff's General Argument about the Standard to Vacate Judgment including Quick Appearance and Good Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         II.      Further Rules that Apply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

                 a.      Rule 60(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                 b.      Article 15 of the Hague Convention. . . . . . . . . . . . . . . . . 8

                 c.      Article 16 of the Hague Convention. . . . . . . . . . . . . . . . . 10

         III.      The Other Issues Challenged by the Plaintiff . . . . . . . . . . . . . . . . . . . . . . 11

**E.**      **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B.  **Introductory Statement**

In response to the Electrician Guy's Motion to Vacate the Entry of Default (ECF 46, 47) the Plaintiff for the first time teases their actual claim against Electrician Guy – entirely under seal until now – and all but admits that the Hague Convention applies.

The Plaintiff goes on to argue that there is no basis to vacate the perfunctorily entered Default Judgment under Rule 60(b)(1), that Electrician Guy waived their rights, that the Hague Convention *does not apply* and that Electrician Guy's other arguments do not stand up. This Reply will not rehash issues already fully addressed in the moving papers, but instead will endeavor to focus narrowly on the new issues raised by the Plaintiff.

C.  **Response to the Additional Factual Background Introduced by Plaintiff**

With the Moving Papers for the Preliminary Injunction – the only factual basis to tie Electrician Guy to this case – still under seal, *See* Affidavit in Support at Exh. A (ECF 44-1), the Plaintiff for the first time put on the record their basis to include Electrician Guy in this case. The Plaintiff's Exhibit contains four partial screenshots that purport to show a Walmart product page logged in on a Google Chrome account by "A", for "Georgia H"'s Walmart account (ECF 47-1, p. 2), and the purchase of products by and/or for Plaintiff's Counsel (ECF 47-1, p. 4).

There will be a time and place to explore the authenticity of the Exhibit, and whether Plaintiff's Counsel is barred from representation in this matter given their admitted role as a central witness, *See* Illinois Supreme Court Rule 3.7 (barring counsel from advocacy at trial when likely to be a necessary witness). Those are issues that can be explored after the deposition of Counsel Slay in due course. There will also be a time and place to explore the authenticity of the products being sold, whether Electrician Guy merely resold a product already in commerce,

3

Electrician Guy's role in the purported sale, whether sales were directed at Illinois, and other factual issues.

Relevant for us on this Motion is the address of Electrician Guy listed on the alleged Walmart website introduced into the record by the Plaintiff, as follows:



Illustration 1 – Disclosure of Electrician Guy's Defendant address (ECF 47-1, p. 3)

The Walmart page provides the business name. Namely, the suffix 有限公司, sometimes transliterated in pinyin as yǒuxiàn gōngsī means "Limited Company"; and the prefix "Shanxi" is a province of the People's Republic of China, *See* Shanxi, Wikipedia *available at* https://en.wikipedia.org/wiki/Shanxi (last checked Sept. 26, 2023). The business name itself, 优雅生活影视传媒 transliterated in pinyin on the Walmart seller information section as *yōuyǎ shēnghuó yǐngshì chuánméi*, which can be translated as "Film & Television Luxury".

The Walmart page also provides phone and address information, *See* Illustration 1.

A simple Baidu[1] search for Shanxi Yōuyǎ Shēnghuó Yǐngshì Chuánméi Limited shows a Baike (Baidu Encyclopedia) entry with helpful and precise information. *See* Exhibit A

---

[1] Baidu.com is the leading search engine in China with services that include the equivalent of Alphabet Inc.'s Google Search; and Wikimedia Foundation, Inc.'s Wikipedia – *See* Baidu, WIKIPEDIA *available*

of the Aff. in Further Support, which is complete, true and accurate screenshot of both a native and automatically Chrome translated version of the Baike card for the Company available online at https://baike.baidu.com/item/陕西优雅生活影视传媒有限公司/24137252?fr=ge_ala.

To the extent that someone would do a *Google* search for the Company[2]. There are sites that provide corporate information, See Exhibit B which shows a google search and the first result for a search for the Company identifying its address, social credit number, and other information. And here's what shows up when using a search service that is available in China – namely the map search feature of Microsoft Corporation's Bing.com (*See* Exhibit C).



Illustration 2 – Bing Map result for 3769 yanxian in 曲江新区 (Qujiang New District)

---

*at* https://en.wikipedia.org/wiki/Baidu (last checked Sept. 26, 2023) and Baidu Baike (Encyclopedia), WIKIPEDIA *available at* https://en.wikipedia.org/wiki/Baidu_Encyclopedia.

[2] A very odd thing to do for a company in a jurisdiction where Alphabet Inc. has had no presence since Google exited China in 2010, *See generally* Google China, Wikipedia available online at https://en.wikipedia.org/wiki/Google_China (last checked Sept. 26, 2023), and which enforces strict mapping rules: *See* China issues new rules on Internet map publishing, XINHUA NEWS (May 19, 2010) available in archive form at https://web.archive.org/web/20160527193512/http://news.xinhuanet.com/english2010/china/2010-05-19/c_13302696.htm (last checked Sept. 26, 2023)

5

The Plaintiff's fruitless search of Electrician Guy's address, See Aff. in Opposition at ¶ 4-5 (ECF 47) – a necessary precondition to argue that the Hague Convention does not apply to service on Electrician Guy – makes it sound as if the Defendant's corporate information and address is in some backward village whose true address is completely inscrutable to an American Plaintiff, which would justify an extraordinary departure from normal procedure, due process, and international comity. It's a dramatic story, but unlike Magellan's journeys, the search here ends in an entirely mundane business address just a block north of the local Starbucks, *See* https://www.starbucks.com/store-locator/store/1021196.

With this additional information – easily disproven claims about the Defendant's address – the Plaintiff argues that the Hague Convention does not apply, Electrician Guy waived certain bases to vacate the Judgment and that vacatur is inappropriate.

We disagree, as explained below:

**D. Argument**

    **I. Response to Plaintiff's General Argument about the Standard to Vacate Judgment including Quick Appearance and Good Cause**

As mentioned in the moving papers, the Courts in this Circuit are directed to treat default judgments as a "weapon of last resort appropriate only when a party willfully disregards pending litigation." *Escamilla v. United States,* 62 F.4th 367, 372 (7th Cir. 2023) *citing Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). This Honorable Court has long been sensitive to the importance of resolving matters on their merits when the Motion to Vacate is brought within a reasonable amount of time, *See, e.g.*, ORDER GRANTING MOTION TO VACATE DEFAULT JUDGMENT, *Interstate Fire Casualty Co., et ano. v. Ameristar Insurance Services, Inc.*,

Case No. 1:01-cv-4465 (N.D. Ill. Sept. 19, 2001)(Pallmeyer, *D.J.*)(granting Motion to Vacate filed one month after entry of Default Judgment); MINUTE ENTRY GRANTING MOTION TO VACATE DEFAULT JUDGMENT, *Antsy Labs, LLC, et al. v. The Individuals, et al.*, Case No. 1:21-cv-3289 (N.D.Ill. March 2, 2022) (Pallmeyer, *D.J.*)(granting Motion to Vacate filed nearly six months after entry of Default Judgment).

With respect to the issue of "good cause", in the initial moving papers, we discussed at length Rule 60(b)(1). Plaintiff jumps on that focused argument to suggest – on the basis of a rule developed in the context of the scope of what arguments the Seventh Circuit will consider as having been preserved for the purposes of criminal appeals, *See* Pl.'s Memo in Opposition at p. 7 (ECF 46) citing *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) – that this was intended as an intentional waiver of arguments under Rule 60(b)(4) that the Judgment is void.

To avoid any confusion, the Defendant's position in this Motion – and preserved for appeal – is that the recently entered Default Judgment should be vacated because, among other things, the lawsuit was never properly served and this Court has no jurisdiction over the Defendant. That triggers the application of the Rules discussed in the Moving Papers as well as under Rule 60(b)(4)(providing grounds to vacate when the judgment is void for lack of jurisdiction) and the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention").

### II. Further Rules that Apply

#### a. Rule 60(b)(4)

Rule 60(b)(4)'s application to situations where there is no jurisdiction over the Defendant is addressed by the Plaintiff, which we will not repeat here, *See* Memo in Opposition at p. 7 (ECF 46). To the extent that Fed. R. Civ. P. 60(b)(4) provides for vacatur here, Defendant relies on that rule.

#### b. Article 15 of the Hague Convention

The Hague Convention provides additional support for the vacatur of the Default Judgment.

As described in the Factual section above, Electrician Guy's address is known, despite Plaintiff's counsel's unsuccessful search on a program that does not operate in the People's Republic of China. With the address being known, the Hague Convention applies, *See* NBA Props. v. P'ships & Unincorporated Ass'ns, 549 F.Supp. 3d 790, 795-796 (N.D. Ill. 2021) *citing* Compass Bank v. Katz, 287 F.R.D. 392, 394-95 (S.D. Tex. 2012) (collecting cases that confirm if a foreign address is known the Hague Convention controls).

Article 15 of the Hague Convention limits how the Court may enter Defaults in cases such as ours. It requires that Court provide atleast six months for the Defendant to respond.

> "Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –
>
> "a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

8

> "b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,"

"and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend."

We'll stop here to note that as described in the Moving Papers, neither of these two options were met. The domestic law of the People's Republic of China does not allow for e-mail service from abroad, *See* Aff. in Support at Exh. H (ECF 44-8); and the Document was not actually "delivered" to the Defendant. But assuming for the sake of argument that Service was proper under the Hague Convention, the Convention requires "sufficient time . . . to defend" which respectfully submit is a much more flexible standard than the Federal Rules (30 days).

Importantly the Hague Convention savings clause that says when there is no proper certificate of service, then entry of judgment is proper only if, among other conditions:

> "b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,"

Meaning, the Hague Convention provides that in the absence of a proper certificate of service, six months or – the language is stilted and the Undersigned has found no authority explaining how to read it, but we respectfully suggest that Article 15 should be read as "a minimum of six months or a longer period than six months that is considered adequate" – must elapse before a Default Judgment is entered.

For that reason, we respectfully submit that since there is no proper return of service as required under the Hague Convention, the time for *any* Defendant subject to the Hague Convention to respond is November 24, 2023.

9

### c. Article 16 of the Hague Convention

Article 16 of the Hague Convention directs how Defaults may be vacated in cases such as ours. It provides:

> "When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –
>
>> "a) the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
>>
>> "b) the defendant has disclosed a prima facie defence to the action on the merits. An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.
>
> "Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment. This Article shall not apply to judgments concerning status or capacity of persons."

Secretary Rusk Declared that:

> "an application under Article 16 will not be entered if it is filed (a) after the expiration of the period within which the same may be filed under the procedural regulations of the court in which the judgment has been entered, or (b) after the expiration of one year following the date of the judgment, *whichever is later*."

DECLARATION OF THE UNITED STATES (August 24, 1967) available online at: https://www.hcch.net/en/states/authorities/notifications/?csid=428&disp=resdn (emphasis added).

In other words, the Hague Convention mandates that in situations such as ours where the Defendant had no knowledge of the document in sufficient time to defend or knowledge

10

of the judgment in sufficient time to appeal – any such Judgment *shall be vacated* if a Motion to do so is filed within *one year* of the entry of Judgment.

For that reason, we respectfully submit that since Defendant had no knowledge of the judgment with sufficient time to appeal (and no knowledge of the service with sufficient time to appear) the time for any Defendant to move to Vacate is June 4 and June 29, 2024, respectively.

### III.     The Other Issues Challenged by the Plaintiff

Plaintiff challenges the applicability of the Hague Convention to Electrician Guy because it's address is not known, *See* Memo in Opposition at p. 12, which the record clearly shows is untrue.  Plaintiff discusses the law as it relates to the Summons that was neither issued for and addressed to each Defendant, the availability of e-mail service under the Hague Convention and other matters addressed in the moving papers on which we stand.

To the extent that this Honorable Court may want additional briefing about any matter, we remain available to supplement the record as necessary.

11

### E. Conclusion

For these reasons we respectfully submit that this Honorable Court should Vacate the Entry of Default and/or Judgment against Electrician Guy and Electrician Guy should be provided a reasonable amount of time to appear, Move to Dismiss, Move to Sever, and to provide such other and further relief as the Court may deem just and proper.

DATED: **SEPTEMBER 26, 2023**

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for "Electrician Guy"*

## **CERTIFICATE OF SERVICE**

        I hereby certify that on September 26, 2023, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Amy Crout Ziegler, Esq.**
**Justin R. Gaudio, Esq.**
**Marcella Deshonda Slay, Esq.**
**Trevor Christian Talhami, Esq.**
GREER, BURNS & CRAIN, LTD.
300 S. Wacker Dr., Suite 2500
Chicago, IL 60606
Phone: (312) 987-2926
Email: Aziegler@gbc.Law
       Jgaudio@gbc.Law
       Mslay@gbc.Law
       Ttalhami@gbc.Law
*Counsel for Plaintiff*